

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable R. A. Courtney
County Auditor
Angelina County
Lufkin, Texas

Dear Sir:

Opinion No. O-2485
Re: Officer's Salary Law - Witness and
mileage fees of sheriff attending
Federal Court.

Your request for opinion has been received and
carefully considered by this department. We quote from your
request as follows:

"Angelina County furnishes the sheriff's de-
partment with cars and takes care of all expenses
incurred by the use of said cars such as, gas,
lube, repairs, tires, tubes, wash and grease, etc.

"Now, when the sheriff and/or his deputies,
using the cars furnished by the county as per above,
makes an arrest and instead of filing on the prison-
er in county court takes him or her to Tyler and files
charges there in the Federal Court, the marshall
'adopting' the prisoner, and the sheriff and/or his
deputies receive pay as witnesses in the case, such
as mileage and per diem, should the sheriff report
such fees as 'fees of office' or is he entitled to
keep such fees and not report them to the county as
'fees of office?'

"What effect would it have, if he were to use
his own car instead of the cars furnished as above by
the county?"

The population of Angelina County, Texas, according
to the last preceding Federal Census, exceeds 20,000 inhabitants
and its county officers are therefore compensated upon a salary
basis.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Section 5 of Article 3912e, Vernon's Annotated Texas Civil Statutes reads as follows:

"It shall be the duty of all officers to charge and collect in the manner authorized by law all fees and commissions which are permitted by law to be assessed and collected for all official service performed by them. As and when such fees are collected they shall be deposited in the Officers' Salary Fund or funds provided in this Act. In event the Commissioners' Court finds that the failure to collect any fee or commission was due to neglect on the part of the officer charged with the responsibility of collecting same, the amount of such fee or commission shall be deducted from the salary of such officer. Before any such deduction is made, the Commissioners' Court shall furnish such officer with an itemized statement of the uncollected fees with which his account is to be charged, and shall notify such officer of the time and place for a hearing on same, to determine whether such officer was guilty of negligence, which time for hearing shall be at least ten days subsequent to the date of notice. Unless an officer is charged by law with the responsibility of collecting fees, the Commissioners' Court shall not in any event make any deductions from the authorized salary of such officer."

Section 600a, Title 28, Vol. 28, U.S.C.A., reads as follows:

"That jurors and witnesses (other than witnesses who are salaried employees of the Government, and detained witnesses) in the United States courts, including the district court of Hawaii, the district court of Puerto Rico, and the district court of the United States commissioners, shall be entitled to a per diem for each day of actual attendance and for each day necessarily occupied in traveling to attend court, or upon the commissioner, and return home, and, in addition, mileage as provided in sections 600b to 600d of this title."

Section 600c, Title 28, Vol. 28, U.S.C.A., reads as follows:

"Witnesses attending in such courts, or before such commissioners, shall receive for each day's attendance and for the time necessarily occupied in going to and returning from the same $2, and 5 cents per mile for going from his or her place of residence to the place of trial or hearing and 5 cents per mile for returning; And provided further, That witnesses (other than witnesses who are salaried employees of the Government and detained witnesses) in the United States courts, including the District Court of Hawaii, the District Court of Puerto Rico, and the district court of the United States for the District of Columbia, who attend court or attend before United States commissioners, at points so far removed from their respective residences as to prohibit return thereto from day to day, shall, when this fact is certified to in the order of the court of the commissioner for payment, be entitled, in addition to the compensation provided by existing law, as modified by sections 600a to 600d of this title, to a per diem of $3 for expenses of subsistence for each day of actual attendance and for each day necessarily occupied in traveling to attend court and return home."

Section 601, Title 28, Vol. 28, U.S.C.A., reads as follows:

"The following and no other compensation shall be taxed and allowed to witnesses in the several States and Territories, except in cases otherwise expressly provided by law. For each day's attendance in court, or before any officer pursuant to law, $1.50, and 5 cents a mile for going from his place of residence to the place of trial or hearing, and 5 cents a mile for returning. When a witness is subpoenaed in more than one cause between the same parties, at the same court, only one travel fee and one per diem compensation shall be allowed

for attendance. Both shall be taxed in the case first disposed of, after which the per diem attendance fee alone shall be taxed in the other cases in the order in which they are disposed of.

"When a witness is detained in prison for want of security for his appearance, he shall be entitled, in addition to his subsistence, to a compensation of $1 a day."

The above quoted Federal Statutes provide for the payment of witness and mileage fees for witnesses in Federal cases. These fees are clearly "personal" fees to the witnesses attending court, and certainly could not be classed as "fees and commissions permitted by law to be assessed and collected for all official services performed by county officers."

You are therefore respectfully advised that it is the opinion of this department that the witness and mileage fees described in your letter are not "fees of office" of the sheriff, and should not be reported as such, nor be placed in the officers' salary fund, irrespective of the witnesses' methods of transportation.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Wm. J. Fanning
Assistant

WJF:AW

APPROVED JUL 9, 1940

Glenn R. Lewis

Acting ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN